**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **DAVON WALTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2023-0030 |
| ) | |
| **OLD NO. 77 HOTEL & CHANDLERY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**Attorneys:**
**Natalie Nelson Tang How, Esq.**
St. Croix, U.S.V.I.
    *For Plaintiff*

**William E. Crabill, Esq.**
Miami, FL
    *For Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant Old No. 77 Hotel & Chandlery's[1] "Motion to Dismiss for Want of Personal Jurisdiction or in the alternative Motion to Transfer to the United States District Court for the Eastern District of Louisiana" ("Motion to Dismiss or Transfer") (Dkt. No. 2), Plaintiff Davon Walter's Opposition thereto (Dkt. No. 9), and Defendant's Reply (Dkt. No. 11). For the reasons discussed below, the Court finds that it lacks personal jurisdiction over Defendant. However, the Court will decline to dismiss the case, and instead will transfer it to the District Court for the Eastern District of Louisiana.

---

[1] In its Motion to Dismiss or Transfer, Defendant explains that "Old No. 77 Hotel & Chandlery is not a legal entity but simply a fictitious name for a hotel [owned] at the time of the alleged accident by Hotel Ambassador NOLA, LLC." (Dkt. No. 2 at 1 n.1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the instant action against Defendant in the Superior Court of the Virgin Islands in May 2023. (Dkt. No. 1-1). Plaintiff alleges that, on June 5, 2021, he was a business invitee as a guest on Defendant's premises. (Dkt. No. 1-1 ¶ 3). According to Plaintiff, while he was sitting in a chair on Defendant's premises, the chair suddenly toppled and collapsed causing him to fall on the floor. *Id.* ¶ 4. As such, he alleges that Defendant's premises were in an unsafe condition, and that Defendant failed to properly warn of the unsafe condition, causing him damages. *Id.* ¶¶ 5-7.

Defendant removed the action to the District Court based on diversity jurisdiction. (Dkt. No. 1 at 2-3). Defendant then filed its Motion to Dismiss or Transfer, which is addressed herein. (Dkt. No. 2). In its Motion, Defendant seeks to dismiss Plaintiff's claim for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). *Id.* at 4-8. In the event that the Court finds it has personal jurisdiction, Defendant nonetheless urges the Court to transfer the case to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a). *Id.* at 8-14. In his Opposition, Plaintiff argues that this Court has personal jurisdiction over Defendant and appears to advocate against a change of venue if the Court finds as such. (Dkt. No. 9 at 6-9). However, in the event that the Court does not find personal jurisdiction, Plaintiff requests a transfer to a Louisiana District Court. *Id.* at 9.

## II. APPLICABLE LEGAL PRINCIPLES

A party may assert the defense of lack of personal jurisdiction by motion, pursuant to Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(2). Once a defendant raises such a defense, "the plaintiff bears the burden of establishing personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). If the Court does not hold an evidentiary

hearing, the plaintiff need only establish "a prima facie case" of personal jurisdiction, which requires the Court to "take all of his allegations as true and resolve any factual disputes in his favor." *Kabbaj v. Simpson*, 547 F. App'x 84, 86 (3d Cir. 2013); *see also Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002); *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992)) (explaining that, if the Court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor.").

"Nevertheless, even in the absence of an evidentiary hearing, '[if] the defendant contradicts the plaintiff's allegations through opposing affidavits . . . a plaintiff must present particular evidence in support of personal jurisdiction.'" *See Codrington v. Deep S. Surplus of Texas*, No. CV 1:19-26, 2023 WL 2742057, at *4 (D.V.I. Mar. 31, 2023) (quoting *Isaacs v. Arizona Bd. of Regents*, 2015 WL 1534362, at *3 (3d Cir. Apr. 7, 2015)); *see also Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir.1987) ("The plaintiff meets [his] burden and presents a prima facie case for the exercise of personal jurisdiction by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'").

In order to determine whether there is personal jurisdiction over a nonresident defendant in the Virgin Islands, the Court applies a two-part test. *See Jacobs v. Hilton Worldwide Holdings, Inc.*, No. CV 2018-0038, 2020 WL 5579825, at *2 (D.V.I. Sept. 17, 2020). "First, there must be a statutory basis for exercising jurisdiction over the nonresident defendant in accordance with the Virgin Islands Long–Arm Statute, V.I. Code Ann. tit. 5, § 4903." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (cited with approval in *In re Najawicz*, 52 V.I. 311, 336

(V.I. 2009)). Second, the exercise of jurisdiction must comport with the requirements of "constitutional due process." *Metcalfe*, 566 F.3d at 330; *see also Est. of Thompson through Thompson v. Phillips*, 741 F. App'x 94, 96-97 (3d Cir. 2018) (noting that, to establish personal jurisdiction over a nonresident defendant in the U.S. Virgin Islands, jurisdiction must comport with the Virgin Islands Long-Arm Statute and the Due Process Clause of the Fourteenth Amendment); *Godfrey v. Int'l Moving Consultants, Inc.*, No. CIV. 79-188, 1980 WL 626401, at *2 (D.V.I. Dec. 12, 1980) ("The proper method of testing jurisdiction over a nonresident defendant is to first determine whether the long-arm statute authorizes the Court to exercise its adjudicatory powers, and then secondly, to decide if such an exercise is constitutionally permissible.").

Pursuant to 5 V.I.C. § 4903(a)(1), Virgin Islands courts "may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's … transacting any business in this territory." "Transacting business is a term of art which means less than doing business but more than performing some inconsequential act within a jurisdiction . . . [T]ransacting business requires a defendant to engage in some type of purposeful activity within the territory." *Hendrickson v. Reg O Co.*, 17 V.I. 457, 462–63 (D.V.I. 1980), *aff'd*, 657 F.2d 9 (3d Cir. 1981).

Courts interpret this provision, and the Long-Arm Statute generally, "as widely as constitutional requirements permit, consistent with the intent of the legislature." *Ford v. Amber Cape Prods., LLC*, No. CIV 2009-144, 2010 WL 3927321, at *3 (D.V.I. Sept. 30, 2010); *see also Urgent v. Tech. Assistance Bureau, Inc.*, 255 F. Supp. 2d 532, 535 (D.V.I. 2003) ("[T]he Virgin Islands' long-arm statute is coextensive with the maximum perimeters of the due process clause."). As such, if the Due Process Clause permits the U.S. Virgin Islands to subject a defendant to personal jurisdiction, so too will the Long-Arm Statute. Thus, the issue here may be analyzed by

determining whether Plaintiff has properly alleged a basis for personal jurisdiction under the Due Process Clause. *See, e.g., Schlafly v. Eagle Forum*, No. 19-2405, 2022 WL 1261319, at *2 n.6 (3d Cir. Apr. 28, 2022) (explaining that when a state's long-arm statute is coextensive with constitutional due process requirements, a court may "analyze only if exercising jurisdiction over [the defendant] is consistent with the Constitution.").

Under the Due Process Clause, a court may exercise either general or specific jurisdiction over a defendant. "General jurisdiction extends to all claims against a defendant and exists where a company is 'essentially at home.'" *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021) (quoting *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021)). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (cleaned up).[2]

Specific jurisdiction, which extends only to particular claims, is governed by a two-pronged analysis. *Hepp*, 14 F.4th at 207 (quoting *Ford Motor*, 592 U.S. at 359-360). "First, there must be purposeful availment: minimum contacts with the forum state that show the defendant took a deliberate act reaching out to do business in that state." *Hepp*, 14 F.4th at 207. "Second, the contacts must give rise to—or relate to—plaintiff's claims." *Id.* Once those elements of specific jurisdiction are established, the Court then "consider[s] whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *O'Connor*, 496 F.3d at 317 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). However, "[i]f the written record, construed in favor of the plaintiff does not support [the first] two components of a prima facie

---

[2] Plaintiff has not suggested that Defendant is incorporated or has its principal place of business in the U.S. Virgin Islands, nor alleged any facts to support the notion that Defendant has any other continuous contacts with the Virgin Islands that would render it essentially "at home" in the territory. The focus here is therefore on specific jurisdiction.

5

showing, then it is unnecessary to examine whether any 'rare' and 'compelling' circumstances would render the exercise of personal jurisdiction unfair." *Martinez v. Union Officine Meccaniche S.P.A.*, No. 22-1364, 2023 WL 3336644, at *1 (3d Cir. May 10, 2023) (internal citation omitted) (quoting *O'Connor*, 496 F.3d at 324-25 (3d Cir. 2007)).

### III.  DISCUSSION

#### A.  Personal Jurisdiction

In its Motion to Dismiss or Transfer, Defendant argues that neither the Virgin Islands Long-Arm Statute nor the Due Process Clause permits jurisdiction over it in this matter. (Dkt. No. 2). First, Defendant argues that it has not transacted business in the Virgin Islands, as required by the Long-Arm Statute, because it has not engaged in any purposeful activity within the territory. *Id.* at 6. Defendant asserts that its state of incorporation, principal place of business, and the hotel in dispute are all located outside of the Virgin Islands. *Id.* at 5-6. Further, Defendant asserts that it "is not registered to do business in, does not have a designated agent for acceptance of service of process, does not have bank accounts or assets nor has any offices or employees located within the [Virgin Islands]." *Id.* at 6. Defendant also asserts that it "does not have any sales representatives in the Territory nor does [it] target its business solicitations at U.S. Virgin Islands residents." *Id.* Second, Defendant argues that, for similar reasons, the requisite minimum contacts do not exist to subject it to jurisdiction in the Virgin Islands under the Due Process Clause. *Id.* at 7-8. Defendant provides support for these factual assertions with an affidavit submitted by a company representative. (Dkt. No. 2-1).

In his Opposition, Plaintiff argues that, despite Defendant's lack of a general presence in the Virgin Islands, jurisdiction is proper because Plaintiff has alleged that Defendant was actively seeking business in the Virgin Islands and that Defendant solicited Plaintiff, a Virgin Islands

resident, to stay at its hotel. (Dkt. No. 9 at 6). Further, Plaintiff asserts that jurisdictional discovery will affirm such allegations by showing that "Defendant purposefully targets the U.S. Virgin Islands for business and as a result derives substantial revenue from the Territory." *Id.* at 7. In its Reply, Defendant argues that, because it has submitted affidavits attesting to its factual assertions, Plaintiff "cannot rest on his allegations alone" to support his claim for personal jurisdiction. (Dkt. No. 11 at 1-3). As Plaintiff has failed to provide competent evidence beyond his mere allegations, Defendant argues that he has failed to make his prima facie showing of personal jurisdiction. *Id.* at 2-3.

### 1. Lack of Competent Evidence

The Court agrees with Defendant that Plaintiff has failed to make the requisite evidentiary showing. In his Complaint, Plaintiff alleged that, "upon information and belief," Defendant "solicits and engages in business in the Territory of the Virgin Islands." (Dkt. No. 1-1 ¶ 3). This allegation relates to the provision in the Virgin Islands Long-Arm Statute that grants courts jurisdiction over person "as to a claim for relief arising from the person's . . . transacting any business in this territory." 5 V.I.C. § 4903(a)(1). However, Defendant has submitted a sworn affidavit from a company official, Katherine Durant, countering Plaintiff's allegation. (Dkt. No. 2-1). Durant attests, *inter alia*, that Defendant has no assets or employees located in the Virgin Islands, does not direct business solicitations to the Virgin Islands, and does not contract to supply services or things in the Virgin Islands. (Dkt. No. 2-1 ¶ 8). Notwithstanding this challenge, Plaintiff has failed to present any competent evidence in support of his allegation.

After a defendant moves to dismiss for lack of personal jurisdiction, and presents factual evidence in support of its motion, a plaintiff must put forward competent factual evidence in order to sustain a prima facie case of personal jurisdiction. *See Time Share Vacation Club v. Atl. Resorts,*

*Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984) (internal citation omitted) ("[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction. Once the motion is made, plaintiff must respond with actual proofs, not mere allegations."); *Cote v. U.S. Silica Co.*, No. 4:18-CV-01440, 2018 WL 5718285, at *1 (M.D. Pa. Nov. 1, 2018) ("Once [the personal jurisdiction] defense is raised, the plaintiff must sustain its burden by establishing jurisdictional facts through sworn affidavits, testimony or other qualified evidence."); *Thomas v. Vinculum Grp. Ltd.*, No. CV 15-3194, 2015 WL 13504683, at *2-3 (D.N.J. Dec. 23, 2015) (refusing to consider the plaintiff's unsupported factual allegations when determining whether the plaintiff had met his burden of proof in establishing personal jurisdiction over the defendants); *Turner v. Prince George's Cnty. Pub. Sch.*, No. CV 16-04524, 2017 WL 5515956, at *1 n.1 (E.D. Pa. Mar. 31, 2017), *aff'd*, 694 F. App'x 64 (3d Cir. 2017) (granting a motion to dismiss for lack of personal jurisdiction because the plaintiff had failed, *inter alia*, to meet her "burden of producing competent evidence beyond her pleadings . . . ."). Here, Plaintiff has provided no factual evidence to counter the relevant attestations in Durant's affidavit. Accordingly, he has failed to establish a prima facie case of personal jurisdiction. This alone is a sufficient basis for concluding that this Court lacks personal jurisdiction under the circumstances here.

  **2. Specific Jurisdiction**

  Even if the Court were to consider Plaintiff's unsupported allegations notwithstanding Defendant's challenge, Plaintiff has still failed to make out a prima facie case for specific jurisdiction under the Due Process Clause. To support such jurisdiction, Plaintiff has alleged that

he is a resident of the Virgin Islands and that Defendant solicits and engages in business in the Virgin Islands.[3] (Dkt. No. 1-1 ¶¶ 2-3). However, Plaintiff's allegations are not sufficient.

To establish specific jurisdiction, Plaintiff must sufficiently demonstrate that (1) Defendant has minimum contacts with the Virgin Islands such that it has purposefully availed itself of this forum and (2) Plaintiff's claim arises out of or is related to those contacts. *See Hepp*, 14 F.4th at 207 (reviewing these "two prongs" of specific jurisdiction); *Martinez*, 2023 WL 3336644, at *1 (explaining that a showing of specific jurisdiction has these "two necessary components.").

A hotel's solicitation of customers in a forum state may establish that the hotel has purposefully availed itself of the forum state. *See O'Connor*, 496 F.3d at 318 (finding that a hotel's mailing of seasonal newsletters, a brochure, and calling citizens of the forum state constituted deliberate reaching into such state and therefore established purposeful availment). Thus, Plaintiff's allegations, standing alone, may be sufficient to demonstrate that Defendant purposefully availed itself of the U.S. Virgin Islands.[4]

---

[3] In his Opposition, Plaintiff seeks to include an additional allegation by asserting that he was solicited by defendant to stay at its hotel. (Dkt. No. 9 at 6). However, the Court need not consider as true Plaintiff's allegations raised for the first time in his Opposition. *See Jacobs v. Hilton Worldwide Holdings, Inc.*, No. CV 2018-0038, 2020 WL 5579825, at *4 (D.V.I. Sept. 17, 2020) ("Statements made in Plaintiff's Opposition without support from allegations in the complaint, affidavits, or other evidence are insufficient to meet Plaintiff's burden of establishing personal jurisdiction."); *see also Yankees Ent. & Sports Network, LLC v. Hartford Fire Ins. Co.*, No. 22-3121, 2023 WL 6291784, at *1 (3d Cir. Sept. 27, 2023) (explaining that, when evaluating dismissals for lack of jurisdiction, courts must only "accept as true all factual allegations *in the complaint*") (emphasis added); *Metcalfe*, 566 F.3d at 330 (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir.1996)) ("'[O]nce a defendant has raised a jurisdictional defense,' the plaintiff must 'prov[e] by affidavits or other competent evidence that jurisdiction is proper.'").

[4] Mere solicitation and engaging of business in the Virgin Islands may not be sufficient to establish purposeful availment if such activities were part of a widespread or general marketing effort, as opposed to deliberate targeting of the Virgin Islands. *See Jacobs*, 2020 WL 5579825, at *5. Plaintiff's allegation does not specify whether Defendant's efforts were deliberate targeting or general marketing, and as such, may not be sufficient to satisfy this requirement. Nonetheless, the

However, even if the Court assumes that purposeful availment occurred here, the existence of minimum contacts is a necessary but not a sufficient basis for establishing specific jurisdiction. *See Hepp*, 14 F.4th at 208 (finding that, although defendants had purposefully availed themselves of the forum state through frequent advertising, the District Court lacked personal jurisdiction because of the lack of a "strong connection" between the defendants' contacts and the plaintiff's claim); *In re Wirecard AG Securities*, No. 2:20-CV-03326-AB, 2023 WL 8373115, at *8 (E.D. Pa. Dec. 4, 2023) (granting a motion to dismiss for lack of personal jurisdiction because, although plaintiff had established purposeful availment, the facts alleged did not "connect [the defendant's] activities in the forum to the causes of action included in the complaint."); *Keystone Drill Servs., Inc. v. Davey Kent, Inc.*, No. 3:21-CV-30, 2022 WL 819280, at *10-13 (W.D. Pa. Feb. 22, 2022) (finding that, although a defendant had purposefully availed himself of the forum state, the court lacked personal jurisdiction over such defendant because there was not a "strong relationship" between the defendant's contacts and the instant litigation); *see also Luster v. Reed*, No. CV 22-672, 2022 WL 3586657, at *3 (W.D. Pa. Aug. 22, 2022) ("[M]inimum contacts, alone, are not sufficient for personal jurisdiction . . . .").

Here, Plaintiff has made no allegation that would satisfy the second prong of specific jurisdiction. This prong requires Plaintiff to show that his claims "arise out of or relate to" Defendant's contacts with the Virgin Islands.

The "arise out of or relate to" prong of the specific jurisdiction analysis can be satisfied in one of two ways. *See Ford Motor*, 592 U.S. at 361-62 (explaining that there are two means of assessing the second prong of specific jurisdiction). First, a claim arises out of a defendant's

---

Court does not need to decide this issue because Plaintiff has clearly failed to satisfy the second prong of specific jurisdiction, as discussed below.

contacts with the forum state when there is a causal nexus between the claim and the contacts. *See id.* at 362 (stating that the "arise out of" inquiry "asks about causation"); *see also Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 504 (9th Cir. 2023) (cleaned up) ("We have long understood that for an injury to arise out of a defendant's forum contacts required but for causation, in which a direct nexus exists between a defendant's contacts with the forum state and the cause of action."). Plaintiff's allegation fails to establish any such causal nexus. He merely alleges that Defendant has solicited the U.S. Virgin Islands market; he does not make any allegation which would suggest that these solicitations are the "but for" cause of his subsequent injury. *Cf. O'Connor*, 496 F.3d at 323 (finding, for the purposes of the personal jurisdiction analysis, that the defendant's solicitations caused the plaintiff's injuries because the plaintiff attested that he decided to attend the hotel where the injury occurred "as a result" of his receipt of the defendant's solicitations).

Second, a claim is related to a defendant's contacts with the forum state when, despite the lack of a causal nexus between the claim and the contacts, there is a strong "relationship among the defendant, the forum, and the litigation". *Ford Motor*, 592 U.S. at 365 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)); *see also Bristol-Myers Squibb*, 582 U.S. at 262 ("The primary focus of our personal jurisdiction inquiry is the defendant's relationship to the forum State."). The distinction between *Ford Motor* and *Bristol-Myers Squibb* illustrates the strength of the relationship necessary to sustain specific jurisdiction under this standard. *Compare Ford Motor*, 592 U.S. at 366, 370 (specific jurisdiction found over the plaintiffs' product defect claims because the defendant "systematically served" a market in the forum states with the exact products at issue and the plaintiffs (1) were residents of the forum states, (2) used the allegedly defective products in the forum states, and (3) suffered injuries when the products allegedly malfunctioned in the forum states) *with Bristol-Myers Squibb*, 582 U.S. at

11

264, 265 (no specific jurisdiction found where, although the defendant had systematically served a market with the exact type of medication at issue, the plaintiffs were not residents of the forum state, had not ingested or been prescribed the medicine in the forum state, and were not injured by the medicine in the forum state).

Plaintiff has not alleged facts to support a sufficient affiliation between the Virgin Islands and his claims. Plaintiff alleges that Defendant's relevant conduct—maintaining an unsafe premises and failing to warn of the unsafe condition—occurred at a hotel in Louisiana. Further, Plaintiff's injury occurred in Louisiana. The only fact alleged that suggests any relationship between Plaintiff's claim and the Virgin Islands is the fact that Plaintiff is a resident of the territory. The mere fact that the claimant is a resident of the forum state is not, standing alone, a sufficient basis for finding that the claims relate to the defendant's contacts in the forum state. *See Alves v. Goodyear Tire & Rubber Co.*, No. CV 22-11820-WGY, 2023 WL 4706585, at *6 (D. Mass. July 24, 2023), *appeal dismissed*, No. 23-1682, 2023 WL 9782813 (1st Cir. Dec. 18, 2023) (finding, in a matter where the plaintiff was a resident of the forum state, that a defendant's contacts in the forum did not relate to the plaintiff's claims); *Schnur v. Papa John's Int'l, Inc.*, No. 2:22-CV-1620-NR, 2023 WL 5529775, at *5 (W.D. Pa. Aug. 28, 2023) (same); *Cappello v. Rest. Depot, LLC*, No. 21-CV-356-SE, 2023 WL 2588110, at *4-5 (D.N.H. Mar. 21, 2023), *aff'd on other grounds*, 89 F.4th 238 (1st Cir. 2023) (same).

Thus, Plaintiff has not sufficiently alleged that his claim either "arises out of" or "relates to" Defendant's contacts in the U.S. Virgin Islands. Accordingly, even if the Court were to accept Plaintiff's unsupported allegations as sufficient notwithstanding Defendant's challenge, Plaintiff has not established a prima facie case for specific jurisdiction. For this independent reason the Court finds that it lacks personal jurisdiction here.

For each of the independent reasons discussed in Section III (A)(1) and III(A)(2), the Court concludes that it lacks personal jurisdiction over Defendant under the requirements of the Due Process Clause.[5] Defendant's Motion to Dismiss or Transfer will therefore be granted to the extent that it seeks a finding that this Court lacks personal jurisdiction over Defendant.[6]

### 3. Jurisdictional Discovery

With respect to Plaintiff's request for jurisdictional discovery, the Third Circuit has explained that "jurisdictional discovery is not available merely because the plaintiff requests it." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.38 (3d Cir. 2015). Only "[i]f the plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state [should] the plaintiff's right to conduct jurisdictional discovery [ ] be sustained." *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 565 (3d Cir. 2017) (quoting *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010)). Accordingly, "[a] plaintiff may not . . . undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Malik*, 710 F. App'x at 565 (quoting *Eurofins*, 623 F.3d at 157) (denial of jurisdictional discovery where the plaintiff had failed to sufficiently allege that his claims arose out of or related to the defendant's activities in the forum state); *cf. NuGeneration Techs., LLC v. Moiyadi*, No. CV 23-459, 2023 WL 5020831,

---

[5] As previously noted, the Virgin Islands Long-Arm Statute, 5 V.I.C. § 4903, is "coextensive" with the Due Process Clause. *Urgent*, 255 F. Supp. 2d at 535. Thus, for the same reasons that this Court does not have personal jurisdiction under the requirements of the Due Process Clause, the Court finds that it also does not have personal jurisdiction over Defendant under the Virgin Islands Long-Arm Statute.

[6] Because the Court finds that it does not have personal jurisdiction over Defendant, it will not address Defendant's arguments regarding a transfer for "the convenience of the parties and witnesses" pursuant to 28 U.S.C. § 1404(a).

at *7 (D.N.J. Aug. 7, 2023) (granting jurisdictional discovery because the plaintiff's allegations and evidence "raise[d] the possibility of jurisdiction beyond mere speculation.").

Here, Plaintiff has failed to "present[] factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [Defendant] and the [Virgin Islands]." *Malik*, 710 F. App'x at 565. Rather, Plaintiff's bare allegation that Defendant solicits and engages in business in the Virgin Islands suggests that the possibility of personal jurisdiction here is nothing more than "mere speculation." *NuGeneration*, 2023 WL 5020831, at *7. Accordingly, Plaintiff's request for jurisdictional discovery will be denied.

### B. Transfer under 28 U.S.C. § 1631

The Third Circuit has stated that "a district court that lacks personal jurisdiction must at least consider a transfer." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). In his Opposition, Plaintiff asserts that "[t]ransfer of this Case to the Eastern District of Louisiana will serve justice if the Court finds that it lacks personal jurisdiction." (Dkt. No. 9 at 9). Defendant similarly suggests that the Eastern District of Louisiana is an appropriate alternative venue. (Dkt. No. 2 at 8). Therefore, this Court will evaluate whether it should transfer this case to the District Court for the Eastern District of Louisiana.

While Plaintiff did not cite a provision under which this Court could authorize a transfer, 28 U.S.C. § 1631 "is the appropriate statutory basis for transfer when there is a lack of personal jurisdiction." *Jacobs*, 2020 WL 5579825, at *6 n.8. "Transfer is proper under 28 U.S.C. § 1631 when "(1) the action 'could have been brought' in the transferee district and (2) transfer is in the interest of justice." *Id.* at *7 (quoting *Express Freight Sys. v. YMB Enters.*, No. 19-12001 (SDW) (LDW), 2019 WL 7494730, at *5 (D.N.J. Dec. 18, 2019)).

The first prong of this analysis is satisfied because the action could have been brought in the Eastern District of Louisiana. Subject matter jurisdiction in such court would be proper on the basis of diversity pursuant to 28 U.S.C. § 1332(a).[7] (Dkt. No. 1 ¶¶ 5-12). In addition, personal jurisdiction would also be proper in Louisiana because Louisiana's long-arm statute authorizes jurisdiction over nonresidents who transact any business in the state. La. Stat. Ann. § 13:3201(A)(1). Here, Defendant concedes to operating a hotel in Louisiana, thus satisfying this requirement. (Dkt. No. 2-1 ¶ 5). Further, the Due Process Clause authorizes personal jurisdiction in Louisiana because (1) Defendant purposefully availed itself of Louisiana by operating a hotel in the state; (2) Plaintiff's claims arise out of an injury he allegedly sustained at such hotel; and (3) considering that the alleged injury occurred in the state, personal jurisdiction in Louisiana would comport with fair play and substantial justice. Finally, venue would be proper in the Eastern District of Louisiana because the alleged injury occurred in New Orleans, which lies within that district. 28 U.S.C. § 1391(b)(2).

The second prong of the analysis is satisfied because the transfer is in the interest of justice. A transfer will be in the interest of justice when "it will prevent the duplication of filing costs as well as other administrative burdens that may arise from a dismissal." *Lehigh Gas Wholesale, LLC v. Breaktime Corner Mkt., LLC*, No. CV 23-953, 2023 WL 8845344, at *7 (E.D. Pa. Dec. 21,

---

[7] Pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction is satisfied where there is complete diversity between the parties and the amount in controversy exceeds $75,000. Here, there would be complete diversity because Plaintiff is a citizen of the U.S. Virgin Islands and Defendant is a citizen of Oregon and Delaware. (Dkt. No. 1 ¶¶ 5-9); (Dkt. No. 1-1 ¶ 2); *see also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Further, in light of Plaintiff's allegation that he suffered "physical injuries, medical expenses, loss of income, loss of capacity to earn income, mental anguish, pain and suffering and loss of enjoyment of life," the amount in controversy here likely exceeds $75,000. As such, diversity jurisdiction would exist over this matter in the Eastern District of Louisiana.

2023); *see also Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)) ("Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'"). To mitigate such administrative burdens here, and because the requirements for transfer are otherwise met, the Court will transfer this case to the District Court for the Eastern District of Louisiana.

## IV. CONCLUSION

In view of the foregoing, the Court will grant Defendant's Motion to Dismiss or Transfer insofar as it argues that this Court lacks personal jurisdiction over this matter, but will transfer the case to the District Court for the Eastern District of Louisiana, in lieu of dismissal of this matter.

An appropriate Order accompanies this Memorandum Opinion.

Date: March 28, 2024 _____/s/_____
WILMA A. LEWIS
District Judge